UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK S. BUMPUS, individually, and on behalf of the class,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FINANCIAL LIFE INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendant. | No. 2:20-cv-00926-MCE-AC<br><br>**ORDER STAYING CASE** |

Plaintiff Patrick S. Bumpus ("Plaintiff") alleges, both on his own behalf and on behalf of other similarly situated California residents, a collective action claim against Defendant U.S. Financial Life Insurance Company ("Defendant") on grounds that Defendant has failed to comply with the provisions of California Insurance Code §§ 10113.71 and/or 10113.72, which pertain to the lapse or termination of life insurance policies. Plaintiff claims that although the provisions of those statutes were enacted effective January 1, 2013, they should apply retroactively and, in any event, should be extended to life insurance policies remaining in effect on or after that time (for example by way of renewal). This Court's jurisdiction is premised on the Class Action Fairness Act pursuant to 28 U.S.C. § 1332(d).

///

Presently before the Court is Defendant's Motion to Stay this matter on grounds that the applicability of the statutory theories advanced by Plaintiff are currently being considered both by the California Supreme Court and the United States Court of Appeals for the Ninth Circuit.  As set forth below, because the Court concludes that a stay is indeed appropriate under the circumstances of this matter, Defendant's Motion (ECF No. 12) is GRANTED and this litigation is stayed pending what appears to be an imminently forthcoming decision from the California Supreme Court in McHugh v. Protective Life Ins. Co., 40 Cal. App. 5th 1166 (2019) petition for review granted, 456 P.3d 933 (Cal. Jan. 29, 2020).

It is well-established that "[a] district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket' in an effort to promote judicial economy."  DeMartini v. Johns, 693 F. App'x 534, 538 (9th Cir. 2017) (quoting Clinton v. Jones, 520 U.S. 681, 706-707 (1997)); see also  Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").  In determining the propriety of a stay, courts look to issues of judicial economy and the prejudice to either party that may result if the stay is granted or denied.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).   Whether to issue a stay in this regard is a decision necessarily relegated to the court's discretion.  Nken v. Holder, 556 U.S. 418, 433-34 (2009).

It is virtually undisputed that the California Supreme Court's McHugh decision will, at a minimum, substantially narrow the issues to be addressed in this case.  While Plaintiff initially also sought a stay pending decisions from the Ninth Circuit in two other appeals, Bentley v. United of Omaha Life Ins. Co., 371 F. Supp. 3d 723 (C.D. Cal. 2019) and Thomas v. State Farm Ins. Co., 424 F. Supp. 3d 1018, 1028 (S.D. Cal. 2019), in both those cases (Nos. 20-55435 and 55231, respectively), the Ninth Circuit issued a

1 stay order on June 3, 2021 pending a decision from the California Supreme Court in
2 McHugh, thereby further underscoring McHugh's importance in determining how the
3 California statutes at issue should be interpreted.  The Ninth Circuit's deference in this
4 regard is not surprising since the California Supreme Court is the final arbiter in such
5 matters.  See Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 219 (9th Cir. 2013)
6 ("Decisions of the California Supreme Court, including reasoned dicta, are binding . . . as
7 to California law.").

8       Defendant argues that holding these proceedings in abeyance would avoid the
9 needless expenditure of energy and resources in litigating matters that may ultimately
10 need to be revisited in any event upon the issuance of potentially binding authority from
11 McHugh.  In that case, the Supreme Court is tasked with reviewing the district court's
12 decision that "the statutes apply only to policies issued or delivered after January 1,
13 2013," and therefore not to McHugh's policy, which had been issued in 2006.  McHugh,
14 40 Cal. App. 5th at 1171.  The Petition for Review accepted by the California Supreme
15 Court in McHugh goes further, however, in asking the Court to determine whether "the
16 provisions of Insurance Code sections 10113.71 and 10113.72 [were] intended by the
17 Legislature to apply, in whole or in part, to life insurance policies in force as of those
18 statutes' enactment on January 1, 2013, regardless of the original date of issuance of
19 those in force policies."  See Declaration of Matthew Adler, ECF No. 12-2, Ex. 1, p. 7.[1]

20       As Defendant points out, awaiting appellate guidance on these issues will, at the
21 very least, provide certainty and clarity to issues that will, in turn, simplify and streamline
22 the case, if not dispose of this litigation altogether.  Proceeding with the case in the
23 absence of direction from the Supreme Court could result in completely unnecessary
24 proceedings depending on how McHugh is decided.  See, e.g., Goro v. Flowers Foods,
25 Inc., No. 17-CV-25890 JLS (JLB), 2020 WL 804841 at *3 (S.D. Cal. Feb. 18, 2020) (if
26 court proceeded without guidance from California Supreme Court, "it might expend

---

[1] This potentially extends the purview of McHugh to the arguments raised in Bentley and Thomas that under the so called "renewal principal": once a policy renews after the January 1, 2013 effective date of the statutes it becomes subject to their requirements even if actually issued beforehand.

1  unnecessary resources . . . only to be forced to revisit the same questions after [the
2  other case] is decided").

3  Not only do considerations of judicial economy weigh in favor of granting a stay,
4  but the prejudice to Plaintiff appears minimal.  The case remains in its infancy and no
5  discovery has commenced.  In addition, since Plaintiff (the life insurance policyholder) is
6  still alive, no death benefit is due.  Finally, while indefinite stays of proceedings are
7  generally disfavored (see, e.g., Dependable Highway, Exp., Inc. v. Navigators Ins. Co.,
8  498 F.3d 1059, 1066 (9th Cir. 2007), there appears to be no protracted delay anticipated
9  in the issuance of a decision from the California Supreme Court in McHugh.   The
10 Supreme Court's docket shows that oral argument was heard on June 2, 2021, and the
11 Supreme Court's internal guidelines provide for a disposition within ninety (90) days
12 thereafter, or by September 2, 2021.  See Thomas, supra, Case No. 20-55231, Dkt.
13 Entry 41, p. 1; Bentley, supra, Case No. 20-55435, Dkt. Entry 65, p.3.[2]

14 Significantly, under these circumstances, neither the plaintiffs in Thomas or
15 Bentley opposed a stay pending the California Supreme Court's decision in McHugh,
16 and as indicated above the Ninth Circuit issued a stay in both cases as requested.
17 Importantly, too, at least seven district courts within the Ninth Circuit have also agreed
18 that a stay is appropriate pending issuance of the McHugh decision.[3]  See, e.g., Kelley v.
19 Colonial Penn Life Ins. Co., No. CV 20-03348-MWF-E, 2020 WL 6150922 (C.D. Cal.
20 July 13, 2020); Kroetz v. John Hancock Life Ins. Co., USA, No. 2020-cv- 02117 AB-RAO
21 (C.D. Cal. July 21, 2020); Phan v.  Transamerica Premier Life Ins. Co., No. 20-cv-03665-
22 BLF, 2020 WL 5576358 (N.D. Cal. Sept. 17, 2020); Small v. Allianz Life Ins Co. of N.
23 Am., No. CV 20-01994 TJH (KESx), 2020 WL 5884757 (C.D. Cal. Sept. 4, 2020);

---

[2] Importantly, the short timeframe within which the McHugh decision is expected caused the plaintiffs in both Thomas and Bentley to not oppose issuance of a stay pending that decision.  The same short period also all but obliterates one of Plaintiff's key arguments here against the instant motion; namely, that a "multi-year" stay is not appropriate.

[3] Plaintiff's counsel have apparently filed at least ten putative class actions similar to the case at bar which all make similar arguments as the applicability of the California Insurance Code statutes in question.  See Def.'s Mot., ECF No. 12-1, p. 1. n.1.

Grundstrom v. Wilco Life Ins. Co., No. 20-cv-03445-MMC, 2020 WL 6873645 (N.D. Cal. Oct. 13, 2020); Tavakolian v. Great Am. Life Ins. Co., No. 5:20-cv-01133-JGB-SHK (C.D. Cal. Oct 16, 2020); Moreland v. The Prudential Ins. Co. of Am., No. 20-cv-04336-RS (N.D. Cal. Oct. 30, 2020).  Only two district court cases have decided against the propriety of a stay under the circumstances.  Siino v. Foresters Life Ins. and Annuity Co., No. 20-cv-02904-JST, 2020 WL 8410449 (N.D. Cal. Sept 1, 2020); Pitt v. Metropolitan Tower Life Ins. Co., No. 20-cv-007-00694-BAS-DEB, 2020 WL 6158972 (S.D. Cal. Oct. 21, 2020).

This Court sides with the majority position and finds that a stay of proceedings is warranted until the California Supreme Court issues its decision in McHugh.  Continuing with discovery and other proceedings in the face of what could well either substantially narrow the parameters of this case or eliminate it altogether would potentially waste the time and resources of all concerned, particularly since a decision in McHugh appears likely within the next few months.

Consequently, for all the foregoing reasons, Defendant's Motion to Stay (ECF No. 12) is GRANTED.[4]  All proceedings in the above-referenced matter are hereby STAYED pending issuance of a decision, by the California Supreme Court, in McHugh v. Protective Life Insurance Co., supra.  Defendant's unopposed request that it's time to answer Plaintiff's complaint be extended until such time as the Court orders in a revised Pretrial Scheduling Order, to be issued should the present stay be lifted, is also GRANTED.  The parties are directed to submit a Joint Status Report to the Court not later than fourteen (14) days after the date that McHugh is decided.

IT IS SO ORDERED.

Dated:  August 12, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).