1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK S. BUMPUS, individually,              No.  2:20-cv-00926-MCE-AC
     and on behalf of the class,
12
                     Plaintiff,
13                                                  **MEMORANDUM AND ORDER**
            v.
14
     U.S. FINANCIAL LIFE INSURANCE
15   COMPANY, an Ohio Corporation,

16                   Defendant.

17

18

19        Plaintiff Patrick S. Bumpus ("Plaintiff") alleges, both on his own behalf and on

20   behalf of other similarly situated California residents, a collective action claim against

21   Defendant U.S. Financial Life Insurance Company ("Defendant") on grounds that

22   Defendant has failed to comply with the provisions of California Insurance Code

23   §§ 10113.71 and/or 10113.72 ("the statutes") which pertain to the lapse or termination of

24   life insurance policies.  Plaintiff claims that although the statutes were enacted effective

25   January 1, 2013, they should apply retroactively and, in any event, should be extended

26   to life insurance policies remaining in effect on or after that time (for example by way of

27   renewal). This Court's jurisdiction is premised on the Class Action Fairness Act pursuant

28   to 28 U.S.C. § 1332(d).

                                          1

1   Plaintiff's Complaint (ECF No. 1) asserts four claims.  The first two causes of

2   action seek declaratory relief under both federal law pursuant to the Declaratory

3   Judgment Act, 28 U.S.C. §§ 2201, et seq., and its state counterpart, California Code of

4   Civil Procedure § 1060.  The Third Cause of Action is for breach of contract; the fourth

5   and final claim alleges unfair competition under California's Unfair Competition Law

6   ("UCL"), California Business and Professions Code §§ 17200, et seq.

7   Presently before the Court is Defendant's Motion to Dismiss the declaratory relief

8   and UCL claims in accordance with Federal Rule of Civil Procedure 12(b)(6) on grounds

9   that they fail to state a claim upon which relief can be granted.  As set forth below,

10   Defendant's Motion is DENIED.[1]

11

12   **BACKGROUND**

13

14   In or before 2005, Plaintiff purchased a term life insurance policy from Defendant.

15   After making the required quarterly premium payment for nearly 15 years, Plaintiff's wife

16   claims she inadvertently failed to pay the premium due on October 18, 2019.  On

17   November 18, 2019, Defendant sent a notice to Plaintiff that the policy had lapsed for

18   non-payment, 31 days after the premium had been due.  Although Plaintiff subsequently

19   applied to reinstate the policy, and provided evidence of insurability as Defendant

20   demanded, Plaintiff claimed he received no response and the policy had still not been

21   reinstated as of the time he filed the instant suit against Defendant on May 5, 2020.

22   Plaintiff claims the termination of his policy was legally ineffective because

23   Defendant failed to comply with termination and lapse requirements for life insurance

24   policies mandated by state law.  Plaintiff specifically points to the provisions of the

25   statutes, which were enacted by the Legislature in 2012 and went into effect as of

26   January 1, 2013.  Section 10113.71 requires that "each life insurance policy issued or

27

28   [1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

1  delivered in this state" contain "a grace period of not less than 60 days from the premium

2  due date," with a notice of pending lapse and termination to be provided at least 30 days

3  prior to the effective date of termination for nonpayment of premium.  See Cal. Ins. Code

4  § 10113.71(a), (b)(1).  In addition, Section 10113.72 goes on to provide that an

5  individual life insurance policy like the one purchased by Plaintiff here shall be issued or

6  delivered unless the applicant has been given the opportunity to designate at least one

7  other person to receive notice of lapse or termination of a policy for failure to pay

8  required premiums.  See id. at § 10113.72(a).  It specifies that a policy cannot be

9  terminated for nonpayment unless notice has been provided both to the policy owner

10  and to any person or persons so designated.  Id. at § 10113.72(c).

11         According to Plaintiff, because these provisions contained no grandfather

12  provisions limiting their application to policies first delivered after January 1, 2013, they

13  apply to all policies in existence as of that date, including his policy issued in 2004.  He

14  thus argues that because Defendant failed to comply with the requirements enumerated

15  above, its cancellation of his policy was void.

16         By Order dated August 12, 2021 (ECF No. 25), the Court granted Defendants'

17  Motion to Stay, holding these proceedings in abeyance pending a decision from the

18  California Supreme Court in a case expected to determine whether the 2013

19  amendments to the California Insurance Code would apply retroactively to policies

20  issued beforehand.  On August 31, 2021, in McHugh v. Protective Life Insurance Co.,

21  12 Cal. 5th 213 (2021), the court held that the statutes applied to all policies in force on

22  or after the January 2, 2013, effective date of the statutes, and not just to policies issued

23  after that time.  Id. at 246.  The court stated unequivocally that absent compliance with

24  the statute, "no policy shall lapse or be terminated for an unpaid premium."  Id. at 226.

25  Subsequently, the Ninth Circuit, relying on McHugh, found that if an insurer failed to

26  comply with those statutory requirements, a policy could not lapse for nonpayment of

27  premium after January 1, 2013, even if the particular policy had been issued previously.

28  ///

3

1    Thomas v. State Farm Life Ins. Co., No. 20-55231, 2021 WL 4596286 at *3 (9th Cir.

2    Oct. 6, 2021).

3          On November 19, 2021, Plaintiff moved to lift the Court's stay in the wake of the

4    decisions issued in McHugh and Thomas.  ECF No. 29.  That Motion was unopposed

5    and was granted on January 27, 2022.  ECF No. 41.  In the meantime, Defendant

6    already filed the Motion to Dismiss (ECF no. 27) now before the Court for adjudication.

7    Irrespective of the decisions in McHugh and Thomas, that Motion seeks to dismiss three

8    of the four causes of action asserted by Plaintiff.

9          While not contesting the validity of Plaintiff's breach of contract claim, Defendant's

10   Motion argues that the declaratory relief claims, which seek a judicial declaration that the

11   statutes at issue apply to all policies in force after the effective date of the statutes in

12   question, fail because Plaintiff already has an adequate remedy at law through his

13   breach of contract claim, making any additional declaratory relief request duplicative and

14   therefore subject to dismissal.  Defendant additionally claims that any unfair competition

15   claim is fatally flawed because Plaintiff cannot establish his entitlement to relief under

16   either of the two remedies afforded by the UCL, restitution or injunctive relief.

17

18                                      **STANDARD**

19

20         On a motion to dismiss for failure to state a claim under Federal Rule of Civil

21   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

22   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

23   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

24   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

25   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

26   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

27   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

28   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

                                             4

1     his entitlement to relief requires more than labels and conclusions, and a formulaic

2     recitation of the elements of a cause of action will not do."  Id. (internal citations and

3     quotations omitted).  A court is not required to accept as true a "legal conclusion

4     couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5     Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

6     above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

7     Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

8     pleading must contain something more than "a statement of facts that merely creates a

9     suspicion [of] a legally cognizable right of action")).

10         Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

11     assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

12     quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

13     to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

14     the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

15     Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

16     relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their

17     claims across the line from conceivable to plausible, their complaint must be dismissed."

18     Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that

19     actual proof of those facts is improbable, and 'that a recovery is very remote and

20     unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

21         A court granting a motion to dismiss a complaint must then decide whether to

22     \grant leave to amend.  Leave to amend should be "freely given" where there is no

23     "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

24     to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

25     amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

26     Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

27     be considered when deciding whether to grant leave to amend).  Not all of these factors

28     merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

1 carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

2 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

3 "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest

4 Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

5 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

6 Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

7 constitutes an exercise in futility . . . .")).

8

9                                              **ANALYSIS**

10

11       **A.     Declaratory Relief Claims**

12       In his First and Second Causes of Action, Plaintiff seeks a "declaration or

13 judgment that that [the statutes] applied as of January 1, 2013 to [Defendant's] California

14 policies in force as of or at any time after January 1, 2013, including the Subject Policy."

15 Compl., ¶¶ 59, 64.  As indicated above, declaratory relief is requested both under the

16 federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et. seq., and its state counterpart,

17 California Code of Civil Procedure § 1060.[2]  Defendant's argument for dismissal is

18 predicated on the argument that because Plaintiff's claims will necessarily be determined

19 in the context of his breach of contract cause of action, the declaratory relief causes of

20 action are both unnecessary and duplicative.

21       Defendant's position is misplaced.  First, the language of the federal statute itself

22 states that a declaration can be sought as to a party's rights and legal relations, "whether

23 or not further relief is or could be sought."  28 U.S.C. § 2201(a).[3]  Courts have thus noted

24 that under this "plain language," "an independent claim for declaratory relief may be

25       [2] Courts in the Ninth Circuit have recognized that the federal and state declaratory relief acts are
26 "broadly equivalent."  Steen v. Am Nat'l Ins. Co., Case No. 20-cv-11226-ODW (SKx), 2022 WL 2358464 at
*3 (C.D. Cal. June 30, 2022), citing In re Adobe Sys. Privacy Litig., 66 F. Supp. 3d 1197, 1219 (N.D. Cal.
27 2014) (acknowledging federal Declaratory Judgment Act governs analysis of claims seeking declaratory
relief even if brought under California Declaratory Relief Act).

28       [3] California Code of Civil Procedure § 1060 contains the same language.

1    brought under the statute even if it would be duplicative of other claims."  Yamada v.

2    Nobel Biocare Holding AG, No. 2:10-cv-04849-JHN-PLAx, 2011 WL 13128155 at *6

3    (C.D. Cal. Jan. 20, 2011); citing Ferrington v. McAfee, Inc., No. 10-cv-01455-LHK, 2010

4    WL 3910169 at *19 (N.D. Cal. Oct. 5, 2010) (denying a motion to dismiss a federal

5    declaratory relief claim made on the basis that such claim is "superfluous and

6    duplicative').[4]

7          In addition, as Plaintiff points out, Defendant's fundamental premise in describing

8    the breach of contract and declaratory relief claims as duplicative is incorrect.  Because

9    it is undisputed that Defendant's insurance contract itself did not include the additional

10   notice requirements mandated by the statutes, the viability of Plaintiff's contract claim

11   would appear to depend upon a declaration that they indeed are incorporated within its

12   terms.  Where, as here, declaratory relief is therefore needed to clarify the contracts, or

13   where a breach of contract claim will not settle all the issues concerning which plaintiff

14   seeks declaratory relief', declaratory relief remains proper.  See Davis v. Capitol

15   Records, LLC, No. 12-cv-1602 YGR, 2013 WL 1701746 at *3-4 (N.D. Cal. Apr. 18, 2013)

16   (denying motion to dismiss where declaratory judgment would clarify ongoing contractual

17   obligations); Siino v. Foresters Life Ins. and Annuity Co., No. 20-cv-02904-JST, 2020 WL

18   8410449 at *7 (N.D. Cal. Sept. 1, 2020) (same).

19         Obtaining relief as to the ongoing rights and duties of Plaintiff and the putative

20   class would, as the Complaint states, establish whether individuals were properly

21   designated to receive notices of pending lapse and termination, as well as whether

22   policies were legally in force and whether beneficiaries were wrongfully deprived of

23   benefits.  See Pl.'s Compl., ECF No. 1, ¶¶ 60, 65.  Breach of contract alone may not

24   encompass those ongoing determinations to the extent it focuses on breaches that have

25   already occurred.  See Siino, 2020 WL 8410449 at *7 (while breach of contract allows a

26   party to redress past wrongs, a "declaration of rights and duties is forward looking,

27   _____

         [4] While declaratory relief also requires an actual controversy between the parties, Defendant has
28   not conceded that the statutes apply to each of its policies in effect as of January 1, 2013.  Consequently,
     the Court deems that requirement satisfied for purposes of the present Motion.

1   intended to determine [the defendant's] continuing duties to the class").  Moreover, if the

2   facts establish that Defendants did not breach the contract but did breach their statutory

3   duty to Plaintiff under §§ 10113.71 and 10113.72, declaratory relief to establish that

4   statutory duty serves as an alternative theory of redress for Plaintiff.  Defendant's Motion

5   to Dismiss the First and Second Causes of Action is accordingly DENIED.

6           **B.     UCL Claim**

7           In addition to moving to dismiss the causes of action seeking declaratory relief,

8   Defendant's Motion also takes aim at Plaintiff's Fourth Cause of Action, brought under

9   California's UCL.  Plaintiff alleges that Defendant's practices in failing to comply with the

10  additional notice requirements imposed by the statutes constitute unlawful practices

11  proscribed by the UCL.  Compl., ¶ 76.  Defendant, however, argues that Plaintiff cannot

12  maintain a UCL claim because the only remedies available are restitution and injunctive

13  relief, and Plaintiff can qualify for neither.  See Korea Supply Co. v. Lockheed Martin

14  Corp., 29 Cal. 4th 1134, 1144 (2003).  We address those alleged shortcomings, in turn.

15          **1.     Restitution**

16          In the context of a UCL claim, restitution is defined as an order "compelling a UCL

17  defendant to return money obtained through an unfair business practice to those from

18  whom the property was taken …"  Id. at 1145.  Here, Plaintiff alleges that he and putative

19  class members are entitled to restitution of "un-refunded premiums, withheld benefits,

20  and diminution of value" of applicable Life Insurance policies.  Compl., ¶ 80.

21          Defendant maintains that Plaintiff cannot qualify for relief under the restitution

22  prong of the UCL because it did not receive premiums through any purportedly unfair

23  business practice.  Instead, according to Defendant, premiums were paid to obtain life

24  insurance coverage that Plaintiff in fact received before any alleged impropriety occurred

25  in terminating his policy.  Defendant claims that because Plaintiff cannot claim he failed

26  to receive the coverage he paid for, no restitution of premiums is indicated on that basis.

27          Defendant goes on to allege that Plaintiff is not entitled to restitution under either

28  of two other theories; namely, that Defendant "withheld benefits" due under the policy or

1    suffered any "diminution of value" triggering restitution once the policy was terminated.

2    Defendant reasons that because Plaintiff remains alive, he cannot be entitled to any

3    benefits payable upon his death and lacks standing to pursue a class action for anyone

4    whose benefits have in fact been withheld.  Additionally, with respect to any alleged

5    "diminution of value" of the policy as a result of Defendant's actions, Defendant claims

6    that Plaintiff can recover such damages at law on his breach of contract claim and

7    therefore is not entitled to the equitable remedy of rescission.

8          Plaintiff, in opposition to Defendant's motion, points out that the UCL is a broad

9    remedial statute with its restitution mandate allowing the return of "any" money that

10   "may" have been acquired by means of unfair competition.  Cal. Bus. & Prof Code,

11   § 17203.  Plaintiff claims that because there is no dispute that monies were paid by

12   Plaintiff in exchange for ongoing insurance coverage, he potentially qualifies for

13   restitution, since premiums remitted were assessed in the context of the overall risk

14   under the contract for the entire term.  Thus, according to Plaintiff, some of the premium

15   paid may have compensated Defendant for coverage at a later time that termination of

16   the policy necessarily cut short.  Plaintiff asserts the resulting diminution in value

17   between what was paid and what was actually received is a proper subject for restitution.

18         For purposes of a motion to dismiss, Plaintiff's position is well taken.  Defendant's

19   arguments are overly restrictive.  Plaintiff alleges that Defendant "wrongfully collected'

20   premiums and withheld benefits.  Compl, ¶ 79.  Plaintiff alleges that he and members of

21   the putative class lost money as a result of Defendant's practices due both to such

22   withheld benefits, un-refunded premiums, and diminution in value of policies.  Id. at 80.

23   Restitution permits a plaintiff to demand return of monies thereby obtained through such

24   practices.  Nieves v. United of Omaha Life Ins. Co., No. 3:21-cv-01415-H-KSC, 2022 WL

25   432726 at *7 (S.D. Cal. Feb. 11, 2022); citing Korea Supply Co. v. Lockheed Martin

26   Corp., 29 Cal. 4th 1134, 1144  (2003); see also Tavakolian v. Great Am. Life Ins. Co.,

27   No. ED CV 20-1133 JGB (SHKx), 2022 WL 1200043 at *2 (C.D. Cal. Apr. 7, 2022).  As

28   ///

1  such, Plaintiff's UCL claim survives pleadings scrutiny as to the availability of restitution

2  as a potential remedy.

3  **2.    Injunctive Relief**

4  While the UCL does permit the entry of an order enjoining a party from purported

5  unfair business practices, the party seeking injunctive relief must show "that he or she is

6  realistically threatened by a repetition of the violation in order to establish that the relief

7  sought would redress the alleged injures."  Russell v. Kohl's Dept. Stores, No. ED CV

8  15-1443 RGK (SPx), 2015 WL 12781206 at *5 (C.D. Cal. Oct. 6, 2015).  Defendant

9  claims that because Plaintiff has not pleaded facts to support a realistic threat that he will

10  be subjected to repeated UCL violation by Defendant, he lacks standing to seek

11  injunctive relief.  According to Defendant, because Plaintiff's policy "cannot lapse

12  again. . . [he] did not—and cannot—allege that he could potentially be subjected to

13  repeated, future instances of harm from the same conduct."  Mot., ECF No. 27-1, 10: 22-

14  11:11.  Again, this is a narrow reading of Plaintiff's Complaint, since it alleges that even

15  though Defendant did not provide Plaintiff with the required notices or grace periods, it

16  continues to treat the policy as lapsed rather than remaining in effect due to those

17  statutory shortcomings.  Compl., ¶ 77.

18  As the Central District noted in Steen v. Am. Nat'l Ins., Co., supra, such

19  allegations that policies belonging to plaintiffs and putative class members should

20  remain in force supports a plausible inference that the insurer could "continue to disavow

21  and repudiate policies without first complying with the statutes."  2022 WL 2358464 at

22  *5.  Particularly since the scope of injunctive relief should be interpreted broadly to

23  prevent future violations, this risk that Defendant will refuse to pay future claims by virtue

24  of such conduct suffices for purposes of establishing Plaintiff's entitlement to injunctive

25  relief.  Therefore, Defendant's Motion to Dismiss the Fourth Cause of Action, to the

26  extent based upon the argument that no standing to assert injunctive relief has been

27  demonstrated, also fails.

28  ///

1

**CONCLUSION**

2

3          For all the reasons stated above, Defendant's Motion to Dismiss (ECF No. 27) is

4     DENIED.

5          IT IS SO ORDERED.

6

7     Dated:  September 21, 2022

8

9     MORRISON C. ENGLAND, JR.
      SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28