UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK S. BUMPUS, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>U.S. FINANCIAL LIFE INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendant. | No. 2:20-cv-00926 MCE AC<br><br><u>ORDER</u> |

    This case is before the court on plaintiff's motion to compel responses to interrogatories and requests for production. ECF No. 53. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties filed the required joint statement. ECF No. 54. The parties appeared before the court for oral argument on August 2, 2023. For the reasons stated below, the court GRANTS the motion.

                                  **I.**     **Relevant Background**

    This putative class action was filed on May 5, 2020. ECF No. 1. The case was stayed for a period (ECF No. 25), and the stay was lifted on January 27, 2022. ECF No. 41. Plaintiff alleges that defendants wrongfully lapsed or terminated life insurance policies, including his, without first providing all the protections mandated by California Insurance Code Sections 1113.71 and 10113.72 ("the Statutes"), namely: minimum grace periods, proper notices of lapse,

and the right to designate others to receive important duplicative notices of pending lapse. ECF No. 54 at 3. Plaintiff alleges that defendant's termination of his policy, and many others, was invalid. Id. Plaintiff brings claims for Declaratory Relief, Breach of Contract, and Unfair Competition on behalf of himself and a putative class defined as: "All vested owners or beneficiaries of life insurance policies issued or delivered by Defendant in California, and which, after January 1, 2013, were lapsed or terminated for nonpayment of premium without Defendant first providing all the protections required by Insurance Code Sections 10113.71 and/or 10113.72.3." Id.

The district judge has not yet issued a scheduling order in this case. On August 13, 2021 the case was stayed pending a relevant order from the California Supreme Court. ECF No. 25. The stay was lifted on January 27, 2022. ECF No. 41. On September 21, 2022, the District Judge denied a motion to dismiss plaintiff's declaratory relief claims. ECF No. 48. On October 5, 2022, defendant filed an answer. ECF No. 49. The case remains in the pre-certification stage, and the parties are now engaging in discovery. There has been no court order limiting pre-certification discovery to class certification issues. Following meet and confer efforts, plaintiff brought the motion to compel at bar, which presents one central issue: whether defendant should be compelled to produce contact information (insofar as defendant has such information) for the beneficiaries of deceased policyholders. ECF No. 54 at 4.

## II.  Motion

Plaintiffs move for an order compelling responses and production with respect to the discovery requests set forth below. Relevant terms are defined as follows:

> "CLASS MEMBER(S)" means all policy owners and beneficiaries of LIFE INSURANCE POLICIES that were lapsed or terminated due to nonpayment of premium without first being given all of the following to both the policy owner and all individuals designated by the policy owner to receive the following notices: (1) written notice of and an actual 60-day grace period, (2) a 30-day notice of pending lapse and termination, and (3) an annual notice of a right to designate at least one other person to receive notice of lapse or termination of a policy for nonpayment of premium.
>
> "LIFE INSURANCE POLICY," "LIFE INSURANCE POLICIES," "POLICY," and "POLICIES" mean any life insurance policy or policies or certificate of insurance sold, issued, delivered, reinstated,

2

renewed, administered in/from, and/or converted in California, and which were in force at any point on or after January 1, 2013. This definition includes policies for which YOU had a California address for the policy owner, or which YOU received premiums from an address in California. To avoid doubt, this definition is meant to be construed in the broadest possible sense and includes, among others, all life insurance policies and certificates of insurance, both individual and group, for which YOU were responsible at any point on or after January 1, 2013, even if you are not responsible for them today, and/or if you may not have originally sold, issued, or delivered them.

YOU," "YOUR," and "YOURSELF" refer to Defendant U.S. FINANCIAL LIFE INSURANCE COMPANY and/or its subsidiaries and associated companies, and all of its present and former employees, agents, officers, directors, representatives, attorneys, and all other persons or entities acting or purporting to act on its behalf, as well as any other insurance company whose policies and products are held and/or administered by U.S. FINANCIAL LIFE INSURANCE COMPANY.

"TERMINATION" means a declaration that the POLICY is lapsed, no longer in force, no longer active, or no longer has any value so as to relieve YOU of further obligation to pay benefits upon the death of the insured.

The following discovery requests are at issue on this motion to compel:

Plaintiff's Interrogatory No. 17

Please identify, by POLICY owner name, address, phone number, email address, POLICY type (i.e. group versus individual), all CLASS MEMBERS, including beneficiaries for POLICIES where the insured has died. This information should be provided in electronic format and specifically, in .CSV, .XLS, or other format fully accessible by Microsoft Excel.

Defendant's Response to Interrogatory No. 17 (Initial Response):

U.S. Financials' objections to Definitions and Instructions are incorporated since they apply to this Interrogatory. U.S. Financial objects to this request on the ground that it is overly broad, without any reference to applicable timeframe, unduly burdensome, not relevant to the claims or defenses in this action or proportional to the needs of the case prior to any class certification. U.S. Financial further objects that this Interrogatory calls for the production of documents and information that U.S. Financial is prohibited from disclosing pursuant to California's privacy laws. See, e.g., Cal. Ins. Code § 791.13 (generally prohibiting the disclosure of "personal" information without receiving the insured's authorization). U.S. Financial further objects to requests for information relating to insurance policies issued or delivered on or after January 1, 2013, as the allegations in the Complaint pertain to the application of the Statutes to pre-2013 policies and there are no credible allegations in Plaintiff's Complaint that U.S. Financial failed to comply with the

Statutes with respect to insurance policies issued or delivered on or after January 1, 2013. Subject to and without waiving the objections initially raised, U.S. Financial refers Plaintiff to its supplemental response to Interrogatory No. 6.[1]

Plaintiff's Interrogatory No. 19:

For each POLICY identified in response to Interrogatory No. 17, identify any POLICIES, where YOU have notice or belief that the insured is deceased, including, but not limited to, any insureds identified in the Death Master File, and the date on which the insured died.

Defendant's Response to Interrogatory No. 19 (Initial Response):

U.S. Financial's objections to Definitions and Instructions are incorporated since they apply to this Interrogatory. U.S. Financial further incorporates all objections to Interrogatory Nos. 17. U.S. Financial further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or other privilege or protection. Subject to and without waiving the objections initially raised, U.S. Financial refers

---

[1] Plaintiff's Interrogatory No. 6:

State the actual or estimated number of YOUR LIFE INSURANCE POLICIES in California at any time, not pending lapse or termination and in force as of January 1, 2013.

Defendant's Response to Interrogatory No. 6 (Initial Response):

U.S. Financial's objections to Definitions and Instructions are incorporated since they apply to this Interrogatory. U.S. Financial objects that this Interrogatory is vague, overbroad, and not proportional to the needs of this case prior to any class certification. U.S. Financial further objects to requests for information relating to insurance policies issued or delivered on or after January 1, 2013, as the allegations in the Complaint pertain to the application of the Statutes to pre-2013 policies and there are no credible allegations in Plaintiff's Complaint that U.S. Financial failed to comply with the Statutes with respect to insurance policies issued or delivered on or after January 1, 2013. By way of compromise, subject to Plaintiff's agreement that the production of responsive information will not be deemed a waiver of the work-product doctrine or any other privilege, U.S. Financial produced reasonably available, relevant data that is proportional to the needs of this case prior to any class certification and that adequately safeguards putative class members' privacy interests regarding life insurance policies issued or delivered in California before January 1, 2013, that were subsequently recorded as lapsed for nonpayment of premium after January 1, 2013, including policy number, issue date, plan description, product type, date recorded as lapsed, and potential date of death based on a DMF search performed at the direction of counsel. See USFL_000414.xlsx.

Plaintiff to its supplemental response to Interrogatory No. 6.

Plaintiff's Interrogatory No. 20:

For each POLICY identified in response to Interrogatory No. 19, identify and provide all contact information for the named beneficiary or beneficiaries under the POLICY, whether and when the POLICY owner previously requested reinstatement of the POLICY, and whether and when a claim for benefits was made and/or rejected.

Defendant's Response to Interrogatory No. 20 (Initial Response):

U.S. Financial's objections to Definitions and Instructions are incorporated since they apply to this Interrogatory. U.S. Financial incorporates all objections to Interrogatory Nos. 17 and 19. Subject to and without waiving the objections initially raised, U.S. Financial refers Plaintiff to its supplemental response to Interrogatory No. 6.

Plaintiff's Interrogatory No. 21:

For each POLICY identified in response to Interrogatory No. 19, identify the total face amount of the benefits for those insurance POLICIES.

Defendant's Response to Interrogatory No. 21 (Initial Response):

U.S. Financial's objections to Definitions and Instructions are incorporated since they apply to this Interrogatory. U.S. Financial incorporates all objections to Interrogatory Nos. 17, 19, and 20. Subject to and without waiving the objections initially raised, U.S. Financial refers Plaintiff to its supplemental response to Interrogatory No. 6.

Plaintiff's Request for Production No. 34

Please produce YOUR data or ESI disclosing, for every LIFE INSURANCE POLICY issued or delivered in California which lapsed at any time on or after Jan. 1, 2013 for nonpayment of premium, the following categories, columns, or data points: policy number, administrative system, policy type, product name or code, issue date, current policy status, date of policy lapse/TERMINATION, issue state, reinstatement date, owner contact information (name, mailing address, phone number, email address); beneficiary contact information (name, mailing address, phone number, email address), policy benefit amount, and date of death of the insured, if applicable. This data or ESI should be produced in the form of an electronic spreadsheet or .CSV file capable of being read, sorted, or filtered using Microsoft Excel.

Defendant's Response to Request No. 34:

Defendant recently served its response. See Exhibit C to Tomasevic Dec.

5

Following issuance of the above interrogatories and responses, the parties engaged in meet and confer efforts. ECF No. 54 at 3, n.1. As a result of these efforts, defendant agreed to produce the requested information as to living insureds. Id. Thus, the only remaining dispute is whether defendants must produce the requested information as to the beneficiaries of deceased insureds. Id.; ECF No. 54 at 6.

### III.   Analysis

A. <u>Legal Standard</u>

Unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevance to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). In 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an

////

objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

Discovery in the class action context can be particularly complex.  To proceed with a class action, the Ninth Circuit has held that a plaintiff bears the burden of either making a prima facie showing that Federal Rule of Civil Procedure 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations.  Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985).  To make a prima facie showing under Rule 23(a), a plaintiff must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation.  Plaintiff must show "(1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class."  Ogden v. Bumble Bee Foods, LLC, 292 F.R.D. 620, 622 (N.D. Cal. 2013) (internal punctuation and citation omitted).

In a putative class action, it is within a court's discretion to set either a bifurcated discovery schedule (creating separate "pre-certification discovery" and "class discovery" deadlines) or non-bifurcated discovery schedule.  See Mbazomo v. ETourandTravel, Inc., No. 2:16-CV-02229-SB, 2017 WL 2346981, at *2 (E.D. Cal. May 30, 2017).  In bifurcated discovery, pre-certification discovery is generally initially limited to "certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class," Gusman v. Comcast Corp., 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citing Oppenheimer Fund, 437 U.S. at 359).  Even in the context of bifurcated discovery, the scope of pre-certification discovery lies entirely within the discretion of the court. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).  "Especially when the material is in the possession of the defendant, the court should allow the plaintiff enough discovery to obtain evidence as to whether a class action is maintainable."  Mora v. Zeta Interactive Corp., No. 1:16-cv-00198-DAD-SAB, 2017 WL 1187710, at *4 (E.D. Cal. Feb. 10, 2017) citing Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977).  If a plaintiff

7

cannot make an initial showing that the requirements of Fed. R. Civ. P. 26(a) can be met, the court may refuse to allow class discovery. Manolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). As noted above, there has been no court order bifurcating discovery in this case.

### B. Plaintiff is Permitted to Engage in the Requested Class Discovery

The central question presented by this discovery motion is whether defendant is obligated to provide contact information and other relevant data related to *all* putative class members' life insurance policies, specifically information regarding deceased policy holders and their beneficiaries. ECF No. 54 at 4. Defendant makes four arguments against production: (1) that the discovery is not relevant to class certification efforts, (2) it does not have beneficiary contact information, (3) even if it did have the beneficiary contact information, the beneficiary may have no vested rights in the policy, and (4) concerns regarding insureds' and beneficiaries' privacy. ECF No. 54 at 5-7. The court is unpersuaded by each of these arguments.

Plaintiffs are entitled to full class discovery at this juncture, including requested personal contact information for the beneficiaries of deceased policyholders. While the scope of precertification class discovery is within the discretion of the court, the Ninth Circuit has advised that unless plaintiffs entirely fail to make a prima facie showing of their ability to maintain a class action, the "better and more advisable practice" for district courts on precertification discovery "is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable," and that "the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977); Aldapa v. Fowler Packing Co. Inc., 310 F.R.D. 583, 588 (E.D. Cal. 2015); Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).

Plaintiff points the court to a recent case in which, on nearly identical facts at the precertification discovery stage, contact information for policy holders and beneficiaries of deceased policy holders was found to be relevant and discoverable. Holland-Hewitt v. Allstate Life Ins. Co., 343 F.R.D. 154, 168 (E.D. Cal. 2022). In Holland-Hewitt, Magistrate Judge Stanley A. Boone addressed a plaintiff's motion to compel in a case in which the putative named

8

plaintiff was a living policyholder seeking to represent a class of "All past, present, and future owners or beneficiaries of Defendant's life insurance policies in force on or after January 1, 2013." Id. at 158.  Though the distinction between contact information for beneficiaries of deceased policyholders versus contact information for living policy holders was not specifically debated in Holland-Hewitt, plaintiff sought and was granted an order compelling precertification discovery for both categories of individuals.  Id. at 165.  This scope of discovery conformed with the complaint's description of the putative class.  The undersigned finds Judge Boone's analysis of the common discovery issue to be persuasive.

Moreover, upon an independent analysis of the facts presented here, the court finds the requested discovery to be relevant.  This case is at the very early stages; neither the scope of the class nor the claims asserted have been narrowed in any way.  Baring a situation in which it is indisputable that the named plaintiff cannot represent the proposed class, which is not the case here, the scope of the proposed class must guide the appropriate scope of precertification discovery, not the other way around.  To rule otherwise would amount to a back-door ruling on plaintiff's ability to represent the class.  Such a determination is not appropriate as part of a discovery ruling.  The undersigned declines the invitation to prematurely opine on the appropriate contours of the class; that issue is for the district judge.  At this juncture plaintiff is entitled to contact information for all individuals who fall within the class description set forth in the complaint, because their experiences (and/or their deceased loved ones' experiences) with defendant have likely probative value as to the merits of the claims as well as to Rule 23 issues such as commonality and typicality.

To the extent defendant asserts that it is not in possession of certain information (e.g., beneficiary information), or that the beneficiary information in its position is outdated and/or will not ultimately lead to a potential class member, the solution is for the defendant to produce what responsive information it has, not to refuse any production.  Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).  Once defendant completes

a diligent search and produces all responsive documents within its possession, custody, and control, it has fulfilled its obligation and may submit a statement to plaintiffs that there are no further documents to produce.

Finally, defendant's appeal to privacy rights is unpersuasive.  A Stipulated Protective Order was entered in this case on March 29, 2022 (ECF. No. 44) and will adequately safeguard any privacy interests implicated by this discovery.  Defendant's privacy objection based upon California's Insurance Information Privacy Protection Act ("CIIPPA") is unavailing because CIIPPA specifically contemplates and creates an exception to its disclosure limitations where "[o]therwise permitted or required by law" or in response to a judicial order. Id., § 791.13(g),(h); see Shirley v. Allstate Ins. Co., 18-cv-994-AJB (BGS), 2019 WL 3208000, at *3 (S.D. Cal. July 16, 2019) ("[A] defendant insurance company can be compelled to provide the names and addresses of insureds whose claim files are likely to provide information relevant to the plaintiff's claim despite [CIIPPA's] limitations on an insurer's disclosure of information about its insureds.").

### IV.   Conclusion

For the foregoing reasons, plaintiff's motion to compel is GRANTED.

IT IS SO ORDERED.

DATED: August 3, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE