UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK S. BUMPUS, et al., | No. 2:20-cv-00926-DC-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFF CYRUS SANCHEZ'S MOTION FOR VOLUNTARY DISMISSAL OF HIS CLAIMS WITHOUT PREJUDICE |
| U.S. FINANCIAL LIFE INSURANCE COMPANY, | |
| Defendant. | (Doc. No. 66) |
| U.S. FINANCIAL LIFE INSURANCE COMPANY, | |
| Counter-Claimant, | |
| v. | |
| PATRICK S. BUMPUS, | |
| Counter-Defendant. | |

This matter is before the court on Plaintiff Cyrus Sanchez's motion pursuant to Federal Rule of Civil Procedure 41(b) for voluntary dismissal without prejudice of his claims brought in this action. (Doc. No. 66.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 67.) For the reasons explained below, the court will grant Plaintiff Sanchez's motion and dismiss him from this action.

/////

# BACKGROUND

On May 5, 2020, Plaintiff Patrick S. Bumpus, an insured, filed a complaint initiating this putative class action against his insurer, Defendant U.S. Financial Life Insurance Company, asserting claims for declaratory relief, breach of contract, and unfair competition based on Defendant's refusal to comply with California insurance laws regulating the lapse and termination of life insurance policies. (Doc. No. 1.) After Defendant provided to Plaintiff Bumpus a list identifying potential class members, including Cyrus Sanchez, Plaintiff Bumpus sought to add him as a named plaintiff in this lawsuit. Specifically, on January 16, 2024, Plaintiff Bumpus and Defendant filed a joint stipulation requesting the court grant Plaintiff Bumpus leave to file a first amended complaint to add Plaintiff Cyrus Sanchez, a beneficiary of the life insurance policy issued by Defendant to Plaintiff Sanchez's late husband, Bates Botting. (Doc. Nos. 60; 60-1 at 5.) The court granted the parties' joint request (Doc. No. 61), and Plaintiffs filed their operative first amended complaint on January 23, 2024. (Doc. No. 62).

Approximately five months later, on June 20, 2024, Plaintiff Sanchez filed the pending motion for voluntary dismissal of his claims pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 66.) In his motion, Plaintiff Sanchez explains that he "learned for the first time through the course of discovery[] that the named insured [Mr. Botting] had taken steps inconsistent with maintaining the policy." (Doc. No. 66-1 at 3.) Consequently, after reviewing the discovery produced by Defendant in this litigation, Plaintiff Sanchez believes "he does not have a viable claim against Defendant" and "dragging out his lawsuit is unnecessary and would create further costs and burdens for both parties to no purpose."[1] (*Id.* at 5.) Plaintiff Sanchez asserts that his "decision to no longer bother this court with this matter is a logical one and his motion to voluntarily dismiss should be granted." (*Id.*)

On July 5, 2024, Defendant filed an opposition to the pending motion, although Defendant

---

[1] In his reply brief, Plaintiff Sanchez clarifies that he learned from discovery Defendant produced in mid-May 2024, that his late husband Mr. Botting had voluntarily surrendered his life insurance policy. Whereas the claims brought by Plaintiff Bumpus and the putative class members are based on life insurance policies that lapsed due to "nonpayment of premium." (Doc. Nos. 69 at 8–9; 60-1 at 13.)

1  does not actually dispute that Plaintiff Sanchez's claims should be dismissed. (Doc. No. 68 at 7.)
2  Rather, Defendant contends Plaintiff Sanchez must first be required to provide further responses
3  to written discovery requests and have his deposition taken by Defendant before he can be
4  dismissed from this action. (*Id.* at 8–14.)
5       On July 15, 2024, Plaintiff Sanchez filed a reply in support of his pending motion,
6  emphasizing that he already responded to Defendant's written discovery requests, and he has no
7  documents and no relevant information to provide in any further response or deposition. (Doc.
8  No. 69 at 3–4.)

## LEGAL STANDARD

10       Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the
11  plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P.
12  41(a)(2). District courts have discretion to dismiss a case with or without prejudice under Rule
13  41(a)(2). *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). "Unless the order
14  states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Fed. R. Civ. P. 41(a)(2).
15       "The purpose of [Rule 41(a)(2)] is to permit a plaintiff to dismiss an action without
16  prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal."
17  *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal
18  citations omitted).
19       "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless
20  a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,
21  263 F.3d 972, 975 (9th Cir. 2001). "'Legal prejudice' is a term of art: it means 'prejudice to some
22  legal interest, some legal claim, some legal argument.'" *Kamal*, 88 F.4th at 1280 (quoting
23  *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). For example, legal
24  prejudice includes "the loss of a federal forum, or the right to a jury trial, or a statute-of-
25  limitations defense." *Westlands*, 100 F.3d at 97. But "[u]ncertainty because a dispute remains
26  unresolved is not legal prejudice," and "the threat of future litigation which causes uncertainty is
27  insufficient to establish plain legal prejudice." *Id.* at 96–97.
28       In evaluating a plaintiff's request for voluntary dismissal, courts determine "(1) whether to

3

1  allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what
2  terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227
3  F.R.D. 538, 539 (N.D. Cal. 2005). "A court may, but need not, condition a Rule 41(a)(2)
4  dismissal on a plaintiff's deposition or production of discovery." *Sherman v. Yahoo! Inc.*, No. 13-
5  cv-0041-GPC-WVG, 2015 WL 473270, at *7 (S.D. Cal. Feb. 5, 2015) (citing *Roberts v.*
6  *Electrolux Home Prods., Inc.*, No. 12-cv-1644 CAS, 2013 WL 4239050, at *3 (C.D. Cal. Aug.
7  14, 2013) (denying the defendant's request to condition the named plaintiffs' withdrawal on
8  requiring them to sit for a deposition by the defendant)); *see Westlands*, 100 F.3d at 97 ("In this
9  circuit, we have stated that a district court properly identified legal prejudice when the dismissal
10 of a party would have rendered the remaining parties unable to conduct sufficient discovery to
11 untangle complex fraud claims and adequately defend themselves against charges of fraud.").

**DISCUSSION**

13  As noted above, Plaintiff Sanchez and Defendant agree that Plaintiff Sanchez's claims
14 should be dismissed. Given that all parties agree that Plaintiff Sanchez's claims are not viable,
15 dismissal of Plaintiff Sanchez is indeed appropriate. Further, Defendant does not challenge
16 dismissal of Plaintiff Sanchez *without prejudice*, as the parties agree that Plaintiff Sanchez is not
17 a member of the putative class Plaintiff Bumpus seeks to represent in this case. (Doc. Nos. 68 at
18 2; 69 at 4.) Thus, the only remaining question is what conditions, if any, should be imposed on
19 Plaintiff Sanchez's voluntary dismissal.
20  In opposing the pending motion, Defendant urges the court to condition Plaintiff
21 Sanchez's dismissal on him providing further responses to written discovery and sitting for a
22 deposition. (Doc. No. 68.) However, as Plaintiff Sanchez emphasizes in his reply, Defendant did
23 not file a motion to compel Plaintiff Sanchez to provide further responses to Defendant's written
24 discovery requests, despite being dissatisfied. (Doc. No. 69 at 6.) Notably, Defendant served
25 interrogatories and requests for production of documents on Plaintiff Sanchez on March 14, 2024,
26 and he served his responses thereto on May 20, 2024. (Doc. No. 68-1 at 2.) As reflected in the
27 email correspondence between Plaintiffs' counsel and defense counsel, which are attached as
28 exhibits to Defendant's opposition, Plaintiffs' counsel was also reviewing Defendant's discovery

4

1  responses and production of documents in May 2024. (Doc. No. 68-1 at 103–106.) On May 28,
2  2024, Plaintiffs' counsel followed up in an email asking Defendant to produce the audio files or
3  other communications from Mr. Botting that Defendant contends show Mr. Botting did not wish
4  to maintain the policy and had affirmatively surrendered the policy. (Doc. No. 68-1 at 106.)
5  Shortly thereafter, on June 3, 2024, Plaintiffs' counsel emailed Defendant's counsel stating "[i]n
6  light of the documents produced by defendant in which Mr. Botting requested surrender of his
7  policy, Plaintiff Sanchez will be dismissing his claims. I am reaching out to request that
8  Defendant stipulate to dismissal." (Doc. No. 68-1 at 104.) Defendant's counsel responded on June
9  10, 2024, stating they do not consent to the dismissal of Plaintiff Sanchez. (Doc. No. 68-1 at 103.)
10 A few days earlier, on June 7, 2024, Defendant's counsel had sent a letter to Plaintiffs' counsel
11 outlining perceived deficiencies in Plaintiff Sanchez's discovery responses and requesting they
12 hold a meet and confer via videoconference within the next fourteen days. (Doc. No. 68-1 at 86.)
13 Despite knowing of Plaintiff Sanchez's intentions at that time, that letter did not mention his
14 intent to voluntarily dismiss his claims. Ultimately, no further meet and confer occurred because
15 Plaintiff Sanchez filed the pending motion for voluntary dismissal of his claims on June 20, 2024.
16 (Doc. No. 66.)

17       Having considered the parties' respective arguments, the court finds that imposing
18 discovery related conditions on Plaintiff Sanchez's dismissal is not appropriate under the
19 circumstances of this case, which are distinguishable from the decisions cited by Defendant.
20 Importantly, it was Defendant who identified Plaintiff Sanchez as a possible class member (which
21 turned out to be inaccurate), and he was added as a named plaintiff nearly four years after
22 Plaintiff Bumpus filed the original complaint. Indeed, Plaintiff Bumpus remains in this case, and
23 Defendant has already deposed Plaintiff Bumpus and his wife. (*See* Doc. No. 69 at 8.) In contrast,
24 the plaintiff seeking voluntary dismissal in *Sherman v. Yahoo! Inc.*, No. 13-cv-0041-GPC-WVG,
25 2015 WL 473270, *7 (S.D. Cal. Feb. 5, 2015), a case cited by Defendant, was the sole named
26 plaintiff for nearly two years and did not move to dismiss his claims until after his deposition had
27 been noticed and rescheduled several times. Moreover, in those parties' stipulation permitting
28 him to add a second named plaintiff, plaintiff had agreed to sit for his deposition within the next

two months, which he did not do. *Id.* at *1. Rather, he sought voluntary dismissal less than two months after the second named plaintiff was added to case. *Id.* at *1–2. Under those circumstances, the court in *Sherman* reasoned that conditioning the plaintiff's dismissal on him sitting for a deposition was warranted because the defendant had already expended resources conducting discovery specific to him, given that he had been the sole plaintiff and his testimony remained relevant to class certification issues. *Id.* at *7. Unlike the extensive discovery and deposition preparation undertaken by the defendant in *Sherman*, here it appears Defendant has not already expended time and resources preparing for Plaintiff Sanchez's deposition. Notably, in mid-May 2024, Defendant asked to set Plaintiff Sanchez's deposition for June 17, 2024, but then asked to postpone the deposition to July 2024, suggesting Defendant did not expend significant time preparing for the deposition of Plaintiff Sanchez—who had only been a named plaintiff at that point for approximately four months. (*See* Doc. No. 68-1 at 105.) Furthermore, unlike the plaintiff in *Sherman* who no longer wished to participate in the litigation but who still had direct experiences with the defendant that were relevant to the putative class claims and class certification, here both parties agree that Plaintiff Sanchez has no viable claims, he did not experience any lapsing of a life insurance policy, and he was mistakenly identified as a putative class member. Thus, the court is not persuaded that Plaintiff Sanchez has information relevant to the claims at issue in this case such that conditioning his voluntary dismissal on providing further discovery responses and sitting for a deposition is warranted.

     For similar reasons, Plaintiff Sanchez is also distinguishable from the plaintiff in *Fraley v. Facebook Inc.*, No. 11-cv-1726-LHK-PSG, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012), another case cited by Defendant. There, the plaintiff was an original named plaintiff whose allegations had been directly referenced in prior court orders, whose claims remained viable, and who sought to remain a class member but be dismissed as a class representative specifically to avoid a deposition. 2012 WL 555071, at *1–2. Indeed, the plaintiff in *Fraley* filed a motion for a protective order to prevent the defendant from deposing her because she feared her deposition testimony regarding her "likes" on Facebook would be made public in a class certification motion, which would be embarrassing and expose her political views and lifestyle choices. *Id.* at

6

\*1. The court denied the plaintiff's motion for a protective order because her privacy interests did "not outweigh the relevance or propriety of Facebook proceeding to take [her] deposition." *Id.* at \*3. Thus, the reasoning by the court in *Fraley* does not apply to Plaintiff Sanchez's motion for voluntary dismissal.

Defendant's reliance on the decision in *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at \*1–2 (N.D. Cal. Dec. 22, 2015) is likewise unavailing because there the plaintiff sought to be dismissed as a class representative but remain a class member because her work demands increased and she had "little available time to devote to the lawsuit or serve as a class representative." Because that plaintiff had not substantively responded to written discovery propounded by the defendant before she sought dismissal, and because those responses remained relevant to the claims in the case, the court in *Opperman* conditioned her dismissal on providing further responses to written discovery. 2015 WL 9311888, at \*3.

Moreover, courts do not uniformly require plaintiffs seeking dismissal to provide further discovery responses or sit for a deposition as a condition of their dismissal, even when they have relevant information and would remain a class member. *See Roberts v. Electrolux Home Prods., Inc.*, No. 12-cv-1644-CAS, 2013 WL 4239050, at \*2 (C.D. Cal. Aug. 14, 2013) (declining to impose a deposition condition where two named plaintiffs sought dismissal due to "health and family concerns" and filed their motion for voluntary dismissal before the filing of a class certification motion, because the defendant had not shown that it expended significant time and energy preparing for those depositions); *see also In re Univ. of S. Cal. Tuition & Fees COVID-19 Refund Litig.*, No. 20-cv-4066-DMG-PVC, 2022 WL 3012818, at \*3 (C.D. Cal. May 4, 2022) (granting voluntary dismissal without conditions of the named plaintiffs who no longer wished to be class representatives, even though the defendants noticed their depositions the day before they sought dismissal, because the defendants had not yet expended substantial efforts in deposition preparation).

In sum, the court finds that dismissal of Plaintiff Sanchez from this action without prejudice is proper, and given the circumstances in this case, conditioning the dismissal of Plaintiff Sanchez by requiring him to first provide further responses to discovery or sit for a

deposition is not warranted.

## CONCLUSION

For the reasons explained above,

1. Plaintiff Cyrus Sanchez's motion for voluntary dismissal of his claims brought in this action, without prejudice, (Doc. No. 66) is GRANTED;

2. Plaintiff Cyrus Sanchez is DISMISSED from this action; and

3. The Clerk of the Court is directed to update the docket to reflect that Plaintiff Cyrus Sanchez has been terminated from this action.

IT IS SO ORDERED.

Dated:   **May 27, 2025**

Dena Coggins
United States District Judge